UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv143-FDW

| | |
|---|---|
| TAHASHI T. MATTHEWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOE SOLANO, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Tahashi T. Matthew's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I. BACKGROUND**

On July 12, 2012, Petitioner was found guilty of felony murder and possession of a firearm by a felon after a jury trial in Mecklenburg County Superior Court. He was sentenced to life imprisonment without the possibility of parole. (Pet. 1, Doc. No. 1.)[1] He appealed, and on November 5, 2013, his appeal was denied by the North Carolina Court of Appeals. State v. Matthews, 753 S.E.2d 398, 2013 WL 5947482 (N.C. Ct. App. 2013) (unpublished). Petitioner sought discretionary review in the North Carolina Supreme Court, which was denied on January 23, 2014. State v. Matthews, 753 S.E.2d 787 (N.C. 2014).

On June 11, 2014, Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County. (Order Den. MAR., Pet'r's Ex. #1 45, Doc. No. 1-1.) It was denied on July 2, 2014, and Petitioner sought discretionary review in the North Carolina

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

Court of Appeals, which also was denied. (Order Den. Pet. For Writ of Certiorari, Pet'r's' Ex. #1, supra, at 46.) His subsequent petition for writ of certiorari in the North Carolina Supreme Court likewise was denied on December 18, 2014. (Order Den. Pet. For Writ of Certiorari, Pet'r's' Ex. #1, supra, at 47.)

Petitioner signed the instant pro se federal habeas petition under penalty of perjury on February 26, 2015. (Pet. 14, Doc. No. 1.) Petitioner does not indicate when he placed the petition in the prison mailbox, but the envelope is postmarked March 25, 2015. (Pet'r's Ex. #2.) It was docketed in this Court on April 3, 2015.

## II. STANDARD OF REVIEW

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). A habeas petitioner who generally references allegations raised in other pleadings "patently fail[s] to comply with Rule 2(c)." Id. Rule 2(c) requires a petitioner to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id. at 334.

## III. DISCUSSION

Petitioner raises the following grounds for relief: 1) ineffective assistance of trial counsel for failing to advocate for Petitioner; prepare a defense; study the record; investigate Petitioner's claims of innocence; communicate with Petitioner in a timely manner; and present mitigating evidence; 2) trial court error in requiring Petitioner to wear leg shackles during the trial; 3)

2

prosecutorial misconduct; and 4) due process violations. (Pet., supra, at 5-6, 8, 10.) Instead of stating specific facts to support each ground for relief, Petitioner cites to his post-conviction pleadings.[2] Supporting facts for Grounds Two through Four are some variation of the following: "See MAR attached, also see Petition for Writ of Certiorari." (Pet., supra, at 6, 8, 10.)

Petitioner's repeated citations to his state post-conviction pleadings in lieu of stating specific facts to support each ground for relief violates the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, his petition will be dismissed without prejudice so that he may file a § 2254 petition for writ of habeas corpus that does comply with Rule 2(c).

## V.     ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[2] The exception is Ground One, which is largely a list of conclusory allegations regarding counsel's performance.

**SO ORDERED.**

Signed: April 9, 2015

Frank D. Whitney
Chief United States District Judge